**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Mikael H. Stahle (SBN 182599)
mstahle@maternlawgroup.com
2101 E. El Segundo Blvd., Suite 403
El Segundo, CA 90245
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ZACHARY
BOYLE, individually and on behalf of
all others similarly situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY BOYLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>FUTURHEALTH, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. **'26CV3138 AJB  BJW**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ZACHARY BOYLE ("PLAINTIFF"), individually and on behalf of all others similarly situated, hereby alleges as follows:

1. PLAINTIFF brings this action on behalf of himself and all others similarly situated against defendant FUTURHEALTH, INC., a Delaware corporation ("FUTURHEALTH"); and DOES 1 through 50 inclusive (collectively, "DEFENDANTS") to recover monetary damages, injunctive relief, and other remedies for DEFENDANTS' violations of federal and state laws. PLAINTIFF makes the following allegations on information and belief, except as to allegations pertaining to PLAINTIFF individually, which are based on PLAINTIFF's personal knowledge.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one CLASS MEMBER, including PLAINTIFF, is a citizen of a state different from DEFENDANTS, establishing minimal diversity.

3. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

4. The Southern District of California has personal jurisdiction over DEFENDANTS because they are headquartered in San Diego, California, and they conduct substantial business in California and this District and engaged in false advertising and other unlawful practices directed at members of the proposed class, in this District.

5. Venue is proper in this District under 28 U.S.C. §1391(b) because DEFENDANTS are headquartered in this District and operate in this district, and a substantial part of the events or omissions giving rise to PLAINTIFF's claims

occurred in this District, including DEFENDANTS' false advertising and other unlawful practices directed at members of the proposed class, as described herein.

## INTRODUCTION

6.     FUTURHEALTH offers online weight management programs, including providing weight loss medication and weight loss guidance. FUTURHEALTH's weight management plans are purportedly based on the consumer's lifestyle, eating pattern, health history, and weight loss goals.[1] FUTURHEALTH claims to have a team of clinicians, dieticians, and weight loss experts who comprise its "Medical Advisory Team," which designed a program that combines medication with nutrition to help consumers meet their weight loss goals.[2]

7.     During the statute of limitations periods, and continuing to this day, FUTURHEALTH has created, implemented, and maintained online advertising and sales campaigns regarding its weight loss program that are false, misleading, and deceptive to consumers.

8.     Specifically, FUTURHEALTH deceives consumers throughout the United States who are browsing online via its website, https://fh.co, as well as consumers who receive its marketing advertisements via targeted marketing advertisements on various online platforms.  Such advertisements contain false statements regarding the safety and success rate of FUTURHEALTH's program, and results consumers can expect.

---

[1]https://landing.fh.co/how-it works/?srsltid=AfmBOorBHYtlqMMBkKlu7lu7iH3kRZrNB0w1GgqgH7RaU57R 2XjfGw7l&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV&f=about-us     (last visited March 19, 2026).
[2]https://landing.fh.co/about-us/?srsltid=AfmBOoo zhSCrswh7vIUfX_aiRg4tqIZ7RvtYrPMLKvZEi6C3gvgCQqT&s=rShMopmGTPS x8ms7iZRKVdba3mAS5DTV&f=products-and-services (last visited March 19, 2026).

9.     According to the Centers for Disease Control and Prevention ("CDC"), in 23 states, more than one in three adults (35%) has obesity.[3]  Before 2013, no state had an adult obesity prevalence at or above 35%.[4]  Currently, at least one in five adults (20%) in each U.S. state is living with obesity.[5]  Consequently, there is a strong and growing need for obesity prevention and treatment options in this country.[6]

10.     The estimated medical cost of obesity in the United States is nearly $137,000,000,000 annually.[7]  Perhaps more concerning, severe obesity may shorten an individual's life expectancy by as much as 14 years compared to a healthy-weight adult.[8]

11.     Accordingly, Americans rely heavily on weight loss programs to manage weight, spending more than $70 billion each year on commercial weight loss plans, supplements, and other weight-shedding measures.[9]

12.     While there is nothing wrong with a legitimate weight loss program, a weight loss program that provide false statistics and makes false guarantees about weight loss results and the safety of its weight loss medications is deceptive and illegal.

13.     Section 17500 of California's False Advertising Law ("FAL") prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes advertising statements that are known or should be known to be untrue.

---

[3] https://www.cdc.gov/media/releases/2024/p0912-adult-obesity.html (last visited March 19, 2026).
[4] *Id*.
[5] *Id*.
[6] *See* id.
[7] https://obesitymedicine.org/blog/rising-obesity-rates-in-america-a-public-health-crisis/ (last visited March 19, 2026).
[8] https://irp.nih.gov/accomplishments/extreme-obesity-may-shorten-life-expectancy-by-up-to-14-years (last visited March 19, 2026)
[9] https://www.health.harvard.edu/topics/diet-and-weight-loss (last visited March 19, 2026).

14. Similarly, California's Consumer Legal Remedies Act ("CLRA") prohibits representations that goods or services have "characteristics" or "benefits" that they do not have. Cal. Civ. Code § 1770(a)(5). The CLRA also prohibits businesses from "[r]epresenting that goods or services are of a particular standard, quality, or grade…if they are of another." Cal. Civ. Code § 1770(a)(7). Additionally, the CLRA states that business may not "advertis[e] goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(9).

15. Furthermore, the Federal Trade Commission's ("FTC") regulations require that advertisements that use consumer endorsements possess "competent and reliable scientific evidence[] to support express and implies claims made through endorsements..." 16 C.F.R. § 255.2(a). The FTC recognizes that such endorsements "will likely be interpreted as representing that the endorser's experience is representative of what consumers will generally achieve with the advertised product in actual, albeit variable, conditions of use. Therefore, an advertiser should possess and rely upon adequate substantiation for this representation." 16 C.F.R. § 255.2(b).

16. In addition, courts have interpreted the FTC Act to require adequate substantiation for all weight loss advertising claims because, without competent or reliable scientific evidence substantiating such claims, consumers will likely be misled. *See Federal Trade Commission v. Roca Labs, Inc.* (2018) 345 F.Supp.3d 1375, 1387-1388.

17. So, as numerous courts have found, false advertisements regarding weight loss results violate various federal and state laws and regulations. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

18. On information and belief, on its website, FUTURHEALTH advertises that consumers can get signed up for its program in three easy steps: (1) completing the intake form, (2) meeting with a weight loss technician to determine the

appropriate GLP-1 weight loss medication, and (3) starting the weight loss plan. According to FUTURHEALTH, consumers will "lose up to 17% of [] body weight" by completing those three simple steps.[10]

19. On information and belief, on its website, FUTURHEALTH advertises several weight loss medications, including Wegovy, Zepbound, and Ozempic.[11]

20. On information and belief, on its website, FUTURHEALTH states that, once the weight loss medication is provided to a consumer who signs up for its program, the consumer should start the medication and track their progress, pair the medication with FUTURHEALTH's nutrition program, and "keep [the consumer's] weight loss with easy with workout content."[12]

21. On information and belief, on its website, FUTURHEALTH advertises that "patients typically lose 58.5% more weight" by using its program as opposed to taking the prescribed medicine alone.[13]

22. On information and belief, on its website, FUTURHEALTH advertises the ease with which consumers can allegedly receive medication from FUTURHEALTH, access its providers, and access  its fitness and nutrition programs, stating that that it has "A Holistic Program All In One App."[14]

---

[10]https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV (last visited March 19, 2026).
[11]https://landing.fh.co/products-and-services/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV&f=how-it-works (last visited March 19, 2026).
[12]https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV (last visited March 19, 2026).
[13]https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV
[14]https://landing.fh.co/products-and-services/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV&f=how-it-works (last visited March 19, 2026).

23. Additionally, on information and belief, on its website, FUTURHEALTH indicates that it is using science that works with consumers' bodies. FUTURHEALTH further states that its weight loss plans and prescriptions can help consumers lose weight "safely and effectively." Regarding the weight loss medication it prescribes, FUTURHEALTH claims that the medications "are genuine and come from trusted, verified sources," and that it "partner[s] exclusively with licensed, U.S.-based pharmacies and work with FDA-approved manufacturers to ensure the highest standards of quality and safety.[15]

24. Examples of FUTURHEALTH's advertisements are shown below:[16]



_____

[15]https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV (last visited March 19, 2026).
[16]Screenshots from https://landing.fh.co/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV; https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV&f=about-us; https://landing.fh.co/products-and-services/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV&f=how-it-works (captured on or around October 16, 2025).

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245



MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

**futurhealth**™    How It Works    Products and Services    About Us    (831) 900-4723    Speak with an onboarding specialist    See if you qualify

"I've now been with FuturHealth and on this program for a little over six months. I've lost 26 pounds and feel really good. I look better. The 26 pounds that I have lost have been pure medication. It curbs my appetite. I am not one to exercise, which is amazing."

Harold
FuturHealth Member
** Real GLP-1 user was compensated to provide their story. Results may vary based on starting weight and program adherence.

"Fast forward 11 months later, I am now down 75 pounds and have gone from a size 22-24 to a size 12 and I am starting to feel like me again. So, if you're ready to take that leap and feel better about yourself, get your confidence back, give FuturHealth a try."

Lisa
FuturHealth Member
** Real GLP-1 user was compensated to provide their story. Results may vary based on starting weight and program adherence.

**futurhealth**™    How It Works    Products and Services    About Us    (831) 900-4723    Speak with an onboarding specialist    See if you qualify

"I've tried diets and CrossFit, but they make you feel hungry and take too much time. FuturHealth finally helped me with GLP-1 injections. I've lost 37 pounds—24 of which is fat according to my Galaxy Watch."

Frank
FuturHealth Member
** Real GLP-1 user was compensated to provide their story. Results may vary based on starting weight and program adherence.

"I've lost 18 pounds so far. The check-ins and nutrition tips made it actually stick for me."

Samantha
FuturHealth Member
** Real GLP-1 user was compensated to provide their story. Results may vary based on starting weight and program adherence.





MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

25. Nonetheless, FUTURHEALTH's advertisements regarding weight loss results are false and misleading. FUTURHEALTH's weight management program does not result in the significant weight loss FUTURHEALTH advertises, and FUTURHEALTH does not have a proper basis to assert that its program yields better results than taking the weight loss medication alone. Indeed, consumers report *gaining weight* while strictly adhering to FUTURHEALTH's weight loss program.

26. As described in more detail below, PLAINTIFF saw FUTURHEALTH's advertisements on its website regarding significant weight loss results and ease of access to weight loss medication and consultation. On the basis of FUTURHEALTH's advertisements, PLAINTIFF enrolled in FUTURHEALTH's weight loss program in order to effectively manage his weight and take control of his health.

27. PLAINTIFF reasonably believed FUTURHEALTH's representations regarding its program reducing consumers' weight by significant percentages and being significantly more successful as a complete weight loss program, rather than just taking the weight loss medication alone. These reasonable beliefs based on FUTURHEALTH's advertisements induced PLAINTIFF to sign up for FUTURHEALTH's weight loss program. However, FUTURHEALTH's representations that PLAINTIFF relied on were false and misleading.

28. After enrolling in FUTURHEALTH's program and adhering to the weight loss program FUTURHEALTH assigned to him, PLAINTIFF discovered that he was gaining, not losing weight. PLAINTIFF also found himself experiencing increased hunger after starting the weight loss medication.

29. PLAINTIFF discovered that FUTURHEALTH prescribed him a dosage of a GLP-1 medication that exceeded the clinically recommended dosage,

rendering the medication unsafe to take as prescribed. Moreover, the medication FUTURHEALTH provided PLAINTIFF was and is not FDA approved.

30. Additionally, FUTURHEALTH's prescribed medication was ineffective as prescribed due to it being provided as an oral tab without an absorption enhancer or enteric coating. FUTURHEALTH's assertion that the medication is effective in that form lacks clinical backing, yet it was marketed as a highly effective weight loss medication.

31. No one from FUTURHEALTH warned PLAINTIFF of the potential side effects and health risks of the prescribed medication.

32. Had FUTURHEALTH been truthful in its advertisements, PLAINTIFF and other consumers like him would not have signed up for FUTURHEALTH's weight loss program.

33. PLAINTIFF brings this case on behalf of himself and other consumers who enrolled in FUTURHEALTH's weight loss program via FUTURHEALTH's website or mobile application. FUTURHEALTH's misconduct has caused PLAINTIFF and other consumers who signed up for its weight loss program significant damages.

## THE PARTIES

34. PLAINTIFF is a citizen and resident of the State of Washington, residing in Yakima, Washington. In or around early June 2025, PLAINTIFF saw FUTURHEALTH's online advertisements and filled out FUTURHEALTH's intake documents. FUTURHEALTH subsequently enrolled PLAINTIFF in a weight loss program wherein FUTURHEALTH prescribed PLAINTIFF weight loss medication and telehealth consulting services.

35. PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals: all natural persons located in the United States who enrolled in a weight management program offered by FUTURHEALTH through its website, https://fh.co, at any time beginning four (4) years prior to the

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

filing of this action, and ending at the time this action settles or proceeds to final judgment ("CLASS MEMBERS"). PLAINTIFF reserves the right to name additional class representatives.

36. PLAINTIFF is informed and believes, and thereon alleges, that FUTURHEALTH is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that FUTURHEALTH is authorized to conduct business throughout the United States, including in the State of California, and does conduct business throughout the United States and in the State of California, primarily through its website. According to the California Secretary of State's website (https://bizfileonline.sos.ca.gov/search/business), FUTURHEALTH has its principal place of business at 325 W. Washington Street, Suite 2 944, San Diego, California 92103.

37. On information and belief, FUTURHEALTH's website is one of the primary vehicles of the false advertising, unfair business practices, and other unlawful conduct that forms the basis for this action.

38. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges that each defendant designated as a DOE is responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

### A.   FUTURHEALTH's Company Profile

39. FUTURHEALTH was founded in 2023 and offers weight loss management programs. On information and belief, FUTURHEALTH works with

over 6,000 physicians across the United States and claims to have served 1.5 million patients.[17]

40.   On information and belief, since its inception, FUTURHEALTH reported a 980% growth in active patients in under a year and has raised $5 million in funding.[18]

41.   On information and belief, FUTURHEALTH's annual revenue was $42.6 billion.[19]

**B.      FUTURHEALTH's False Advertising**

42.   On its website, FUTURHEALTH misrepresents the benefits, likely results, safety, and success rate of the programs it offers to consumers.  As shown above, FUTURHEALTH represents that consumers will lose up to 17% of their body weight by following the "3 simple steps" to sign up for and receive the medication and consultation it provides.  Additionally, FUTURHEALTH falsely states that its patients generally lose "58.5% more weight" by following its program as opposed to taking weight loss medication alone.   FUTURHEALTH also advertises customer testimonials indicating that consumers can lose over 25 pounds in a six month period, or lose 75 pounds in 11 months, by using the medication that FUTURHEALTH prescribes alone, and that the GLP-1 medication can result in the loss of 37 pounds.

43.   FUTURHEALTH further advertises that its prescriptions cause consumers to lose weight "safely and effectively" and that it partners with pharmacies and FDA approved manufactures to ensure the "highest standards of

[17]https://www.consumeraffairs.com/health/futurhealth.html#:~:text=Yes%2C%20FuturHealth%20is%20a%20legitimate,metformin%20as%20an%20oral%20capsule (last visited March 19, 2026).

[18]    https://www.prnewswire.com/news-releases/futurhealth-strengthens-executive-team-to-accelerate-growth-and-engagement-on-its-weight-loss-platform-302426752.html#:~:text=With%20a%20network%20of%20350,over%206%20billion%20online%20interactions    (last    visited    March    19,    2026); https://pitchbook.com/profiles/company/542443-60 (last visited March 19, 2026).

[19] https://rocketreach.co/futurhealth-profile_b7389f86c7e77a6e (last visited March 19, 2026).

quality and safety" in the medications it prescribes.

44. Using these tactics, FUTURHEALTH leads reasonable consumers to believe that FUTURHEALTH's weight loss programs and medications are highly likely to result in significant weight loss, easy to obtain, safe, and effective.

45. Based on FUTURHEALTH's advertisements, reasonable consumers reasonably believed that enrolling in FUTURHEALTH's weight loss programs would be beneficial to their health, and that such health benefits would be realized shortly after beginning their assigned weight loss program. Moreover, reasonable consumers reasonably believed that taking the medications prescribed by FUTURHEALTH was safe. However, in reality, many consumers did not see any weight loss whatsoever after taking their medication as prescribed by FUTURHEALTH and following their weight loss plans. Instead, many consumers experience *weight gain*, increased hunger, and other harmful side effects from the weight loss medication prescribed by FUTURHEALTH. Consumers also experienced a general lack of effectiveness which, in at least some cases, resulted from the prescription of oral tablets that did not contain necessary absorption enhancers and enteric coating. Further, consumers were prescribed dangerous doses of the weight loss medication.

46. FUTURHEALTH's advertisements regarding the benefits and safety of its weight loss programs are therefore false and intentionally misleading to consumers.

**C.      FUTURHEALTH's Advertisements are Deceptive, Unfair, and Unlawful**

47. Section 17500 of California's FAL prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

48.   Additionally, California's Unfair Competition Law ("UCL") bans unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

49.   Finally, the California Civil Code prohibits deceitful statements made with the intent to induce reliance or action, which actually induce reliance, and cause harm. *See* Cal. Civ. Code §§ 1709-1710; see also *Yellow Creek Logging Corp. v. Dare* (1963) 216 Cal.App.2d 50, 55.

50.   Here, as described in detail above, FUTURHEALTH makes untrue and misleading statements about the safety and effectiveness of its weight loss products and programs.   More specifically, FUTURHEALTH misrepresents the benefits, likely results, safety, and success rate of the programs it offers to consumers by misrepresenting that consumers will lose a certain percentage of their body weight, that its patients generally lose significantly more weight by participating in the programs rather than taking weight loss medication alone, that its program and associated medications are scientifically backed, FDA approved, and otherwise medically safe, and that the medication can be safely taken and will be effective. However, in reality, consumers have experienced weight gain and other negative side effects as a result of FUTURHEALTH's program and medications, and otherwise have not seen the advertised results.   Thus, FUTURHEALTH made false and/or misleading statements of fact concerning its weight loss programs' effectiveness, safety, and results.   Accordingly, FUTURHEALTH engaged in unlawful, unfair, and deceptive business practices.

**D.   FUTURHEALTH's False Advertisements Harmed Consumers**

51.   Based on FUTURHEALTH's advertisements, reasonable consumers would expect that they can safely participate in FUTURHEALTH's weight loss programs and safely take the medications FUTURHEALTH prescribes. Reasonable consumers would also expect to lose significant weight as a result of following the weight loss program assigned to them by FUTURHEALTH.

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

16                                    CLASS ACTION COMPLAINT

52. In addition, FUTURHEALTH's testimonials proclaiming substantial weight loss create an implicit representation that those consumer experiences detailed in the testimonials reflect the typical results anyone who participates in FUTURHEALTH's weight loss programs can anticipate.[20]

53. Moreover, consumers that are presented with testimonials regarding the general effectiveness of a weight loss program without specification of the circumstances under which the consumer providing the testimony achieved success on the program are likely to be misled into believing that they too will achieve positive results from following the weight loss program.[21]

54. Thus, FUTURHEALTH's advertisements harm consumers by inducing them to enroll in, pay for, and follow FUTURHEALTH's weight loss programs and take the prescribed medication based on false information.

**E.    PLAINTIFF Was Misled By FUTURHEALTH's False Advertisements**

55. In or around early June 2025, PLAINTIFF saw FUTURHEALTH's online advertisements, including the body weight and percentage of body fat he could expect to lose, advertised testimonials, and representations regarding the safety and effectiveness of the medications FUTURHEALTH prescribed, and filled out FUTURHEALTH's intake documents. FUTURHEALTH subsequently enrolled PLAINTIFF in a weight loss program wherein FUTURHEALTH prescribed PLAINTIFF weight loss medication and provided telehealth consulting services.

---

[20] *See F.T.C. V. Bronson Partners, LLC* (2008) 564 F.Supp.2d 119, 125.
[21] *See* 16 C.F.R. § 255.2(e)(4)(ii).

56.    Screenshots of PLAINTIFF's receipt evidencing his enrollment into FUTURHEALTH's weight loss program are below:



57.    After PLAINTIFF began following the weight loss program FUTURHEALTH assigned to him, including taking his prescribed weight loss medication, PLAINTIFF began experiencing weight gain and other negative side effects.

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

18                    CLASS ACTION COMPLAINT

58. More specifically, PLAINTIFF experienced weight gain, increased hunger, and other negative side effects after taking the weight loss medication FUTURHEALTH prescribed to him, which has been detrimental to his health. Moreover, PLAINTIFF was prescribed an unsafe dosage of a medication that was not FDA-approved. Further, FUTURHEALTH's weight loss medication could not be properly absorbed due to lack of absorption enhancer and/or enteric coating.

59. As explained above, PLAINTIFF read and relied on FUTURHEALTH's representations on its website and advertisements targeted at PLAINTIFF when he decided to enroll in the weight loss program. Specifically, PLAINTIFF relied on FUTURHEALTH's representations that the weight loss program would result in a substantial reduction in PLAINTIFF's body weight and would be safe, simple, and effective. Based on FUTURHEALTH's representations described and shown above, PLAINTIFF enrolled in FUTURHEALTH's weight loss program.

60. PLAINTIFF reasonably understood FUTURHEALTH's weight loss program to be beneficial to his health based on FUTURHEALTH's advertisements. He would not have enrolled in FUTURHEALTH's program if he had known that the advertisements were false, the medications were unsafe to ingest, and the program would not result in weight loss but would instead cause him weight gain and other health issues.

61. PLAINTIFF thus has been harmed and faces an imminent threat of future harm as he is still experiencing health complications. PLAINTIFF was in need of an appropriate and effective weight loss program and would enroll in a weight loss program again in the future if he could feel sure that the products offered in connection with the program were safe and effective, and that he could rely on the advertised statistics regarding weight loss results that could be expected. PLAINTIFF also understands the value of such weight loss programs given the widespread obesity issues this country is facing. But without an injunction,

PLAINTIFF and other consumers have no realistic way to know whether it is safe to follow FUTURHEALTH's weight loss programs and which weight loss medications can be safely taken. Accordingly, PLAINTIFF is seeking an injunction preventing FUTUREHEALTH from engaging in the false and deceptive advertising practices detailed herein.

**F.    FUTURHEALTH Breached Its Contract**

62. When PLAINTIFF and consumers purchased and paid for FUTURHEALTH's weight loss program and paid for prescriptions through FUTURHEALTH, as detailed above, PLAINTIFF and consumers accepted offers that FUTURHEALTH made, and thus, a contract was formed each time they made a purchase. The offer to them was a weight loss program, including prescribing weight loss medication, to achieve the results as marketed by FUTURHEALTH on its website and in its advertisements.

63. When PLAINTIFF subscribed to FUTURHEALTH's program around early June 2025, FUTURHEALTH promised that, as long as PLAINTIFF followed the three "easy" steps to sign up for its weight loss plan, PLAINTIFF would safely and effectively "lose up to 17% of [] body weight" and lose over 50% more wight by following the weight loss plan that we would by taking the weight loss medication alone.[22] Such promises were specific and material terms of the contract.

64. PLAINTIFF performed his obligations under the contracts by paying for FUTURHEALTH's weight loss plan and prescriptions.

65. FUTURHEALTH breached its contracts by failing to provide PLAINTIFF with safe and effective medication and failing to provide PLAINTIFF with a weight loss plan that worked as advertised, and by prescribing PLAINTIFF

---

[22]https://landing.fh.co/how-it-works/?srsltid=AfmBOorVD_lc5U6iWxcbzbTppnSo-Av-WkjIdGyj8dN0HjTf8DwIZ26j&s=rShMopmGTPSx8ms7iZRKVdba3mAS5DTV (last visited March 19, 2026).

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

medication that had the opposite effect from what FUTURHEALTH advertised to PLAINTIFF.

**G.     No Adequate Remedy At Law**

66.    PLAINTIFF seeks damages and, in the alternative, restitution. PLAINTIFF is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

67.    A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of PLAINTIFF's equitable claims are different and do not require the same showings as PLAINTIFF's legal claims.   For example, PLAINTIFF's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, prohibiting businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17501.   PLAINTIFF may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of his legal claims.  As a second example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages.   No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

68.    In addition, the remedies at law available to PLAINTIFF are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**CLASS ACTION ALLEGATIONS**

69.    PLAINTIFF brings this action as a class action on behalf of himself, and all others similarly situated pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  The proposed class that PLAINTIFF seeks to represent is defined as follows:

All natural persons located in the United States who, during the four (4) year period preceding the filing of the original Complaint through the date this action settles or proceeds to final judgment (the "Class Period"), enrolled in a weight loss program or were otherwise prescribed weight loss medication by FUTURHEALTH (the "Class").

70. The members of the Class are referred to herein as "CLASS MEMBERS."

71. Excluded from the class are DEFENDANTS, their agents, affiliates, parents, subsidiaries, any entity in which DEFENDANTS have a controlling interest, any officer or director of DEFENDANTS, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

72. PLAINTIFF reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

73. PLAINTIFF and CLASS MEMBERS constitute a well-defined community of interest – they are similarly situated persons and were similarly affected and damaged by the alleged conduct of DEFENDANTS.

74. Certification of PLAINTIFF's claims for class-wide treatment is appropriate because PLAINTIFF can prove the elements of his claims on class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

75. Ascertainability. All members of the proposed class are readily ascertainable from information in DEFENDANTS' custody and control. DEFENDANTS keep extensive computerized records of their customers through, *inter alia*, customer subscriptions and general marketing programs. DEFENDANTS have one or more databases through which a significant majority of CLASS MEMBERS may be identified and ascertained, and they maintain contact information, including email and home mailing addresses, through which

notice of this action could be disseminated to potential CLASS MEMBERS in accordance with due process requirements.

76. <u>Numerosity.</u> The CLASS MEMBERS are so numerous that joinder of all CLASS MEMBERS is impracticable. While the exact number of CLASS MEMBERS is unknown to PLAINTIFF at this time, PLAINTIFF estimates that the class consists of at least tens of thousands of members. The disposition of the claims of CLASS MEMBERS in a single action will provide substantial benefits to all parties and to the Court. The CLASS MEMBERS are readily identifiable from information and records in DEFENDANTS' possession, custody, or control.

77. <u>Typicality.</u> PLAINTIFF'S claims are typical of the claims of the CLASS MEMBERS and, like all CLASS MEMBERS, PLAINTIFF subscribed to a weight loss program through FUTURHEALTH on the basis of FUTURHEALTH's website that conveyed false advertising regarding weight loss markers and achievements that would be reached through FUTURHEALTH's weight loss plan. PLAINTIFF and the CLASS MEMBERS have all been deceived (or were likely to be deceived) by DEFENDANTS' false advertising, as alleged herein. PLAINTIFF is advancing the same claims and legal theories on behalf of himself and all CLASS MEMBERS. Accordingly, PLAINTIFF has no interests antagonistic to the interests of any other CLASS MEMBER.

78. <u>Adequacy.</u> PLAINTIFF is an adequate representative of the CLASS MEMBERS because he is a CLASS MEMBER and his interests do not conflict with the interests of the CLASS MEMBERS he seeks to represent. Plaintiff will fairly and adequately represent and protect the interest of the CLASS MEMBERS because he is not antagonistic to the CLASS MEMBERS. PLAINTIFF has retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

79. <u>Commonality and Predominance.</u> PLAINTIFF and the CLASS MEMBERS' claims raise predominantly common factual and legal questions-which

predominate over any questions affecting only individual CLASS MEMBERS, for which a class wide proceeding can answer for all CLASS MEMBERS. A class-wide proceeding is necessary to answer the following questions:

a. Whether, during the Class Period, DEFENDANTS falsely advertised weight loss results through FUTURHEALTH's website and other online advertisements;

b. Whether DEFENDANTS' prescribed medications that exceeded the recommended dosages;

c. Whether DEFENDANTS prescribed ineffective medication without the necessary scientific research supporting its assertion that the medication would be effective;

d. Whether DEFENDANTS' prescribed medications that were not FDA-approved;

e. Whether DEFENDANTS' use of false or deceptive advertising constituted false advertising;

f. Whether DEFENDANTS engaged in unfair, unlawful and/or fraudulent business practices;

g. Whether DEFENDANTS misrepresented and/or failed to disclose material facts about weight loss resulting from their weight loss plans and prescriptions;

h. Whether DEFENDANTS breached their contracts with PLAINTIFF and CLASS MEMBERS;

i. Whether DEFENDANTS' conduct, as alleged herein, was intentional and knowing;

j. Whether CLASS MEMBERS are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits DEFENDANTS received and/or was lost by CLASS MEMBERS as a result of the conduct alleged herein;

k.      Whether an injunction is necessary to prevent DEFENDANTS from continuing to use false, misleading or illegal marketing practices; and

l.      Whether PLAINTIFF and CLASS MEMBERS are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

80.    Superiority. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy.   The damages or other financial detriment suffered by individual CLASS MEMBERS are relatively small compared to the burden and expense that individual litigation against DEFENDANTS would require.   Thus, it would be practically impossible for CLASS MEMBERS, on an individual basis, to obtain effective redress for their injuries.  Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.  The nature of this action and the nature of laws available to PLAINTIFF and CLASS MEMBERS make the use of the class action format a particularly efficient and appropriate procedure to afford relief to PLAINTIFF and CLASS MEMBERS for the wrongs alleged because:

a.      The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b.      If each CLASS MEMBER was required to file an individual lawsuit, DEFENDANTS would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual CLASS MEMBER with vastly superior financial and legal resources;

c.   The costs of individual suits could unreasonably consume the amounts that would be recovered;

d.   Proof of a common factual pattern that PLAINTIFF experienced is representative of that experienced by CLASS MEMBERS and will establish the right of each CLASS MEMBER to recover on the cause of action alleged; and

e.   Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

81.   PLAINTIFF and CLASS MEMBERS have all similarly suffered irreparable harm and damages as a result of DEFENDANTS' unlawful and wrongful conduct.  This action will provide substantial benefits to PLAINTIFF, CLASS MEMBERS, and the public because, absent this action, PLAINTIFF and CLASS MEMBERS will continue to suffer losses, thereby allowing DEFENDANTS' violations of law to proceed without remedy, and allowing DEFENDANTS to retain proceeds of their ill-gotten gains.

82.   All CLASS MEMBERS, including PLAINTIFF, were exposed to one or more of DEFENDANTS' misrepresentations or omissions of material fact regarding weight loss and safe and effective weight loss medication resulting from FUTURHEALTH's weight loss program.  Due to the scope and extent of DEFENDANTS' consistent false advertising scheme, disseminated in a massive advertising campaign to consumers via FUTURHEALTH's website and online via its targeted online advertisements and the like, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all CLASS MEMBERS.  In addition, it can be reasonably presumed that all CLASS MEMBERS, including PLAINTIFF, affirmatively acted in response to the representations contained in DEFENDANTS' false advertising scheme when purchasing FUTURHEALTH's weight loss plans and prescriptions.

83.   DEFENDANTS have acted or refused to act on grounds generally applicable to the CLASS MEMBERS as a whole and PLAINTIFF seeks, *inter alia*,

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

equitable remedies with respect to the CLASS MEMBERS as a whole. As such, the systematic policies and procedures of DEFENDANTS make final injunctive relief or declaratory relief with respect to the CLASS MEMBERS as a whole appropriate.

### FIRST CAUSE OF ACTION

**Violation of California's False Advertising Law**

**[Bus. & Prof. Code §§ 17500 & 17501, *et. seq.* ("FAL")]**

**(On behalf of PLAINTIFF and the Class)**

84. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

85. PLAINTIFF brings this cause of action on behalf of himself and members of the Class against DEFENDANTS.

86. DEFENDANTS have violated California's FAL, Sections 17500 and 17501 of the Business and Professions Code.

87. DEFENDANTS have violated, and continue to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements over the internet via FUTURHEALTH's website and in its advertisements to PLAINTIFF and the Class online.

88. As alleged more fully above, FUTURHEALTH advertises that its consumers will "lose up to 17% of [] body weight," that "patients typically lose 58.5% more weight" by using its program as opposed to taking the prescribed medicine alone, FUTURHEALTH is using science that works with consumers' bodies and its plans and prescriptions can help consumers lose weight "safely and effectively," the medications "are genuine and come from trusted, verified sources," and that it "partner[s] exclusively with licensed, U.S.-based pharmacies and work with FDA-approved manufacturers to ensure the highest standards of quality and safety."

89. However, these statements in FUTURHEALTH's advertisements are

not based in fact or clinical research. Not only did PLAINTIFF and the Class not experience weight loss as advertised as a result of FUTURHEALTH's weight loss program, PLAINTIFF and the Class experienced *weight gain* and other negative side effects resulting from harmful ingredients and unsafe dosages of the prescribed medications and ineffectiveness of the non FDA-approved prescribed medication, as alleged herein. Accordingly, FUTURHEALTH's statements about its weight loss program are untrue and purposefully misleading.

90. The FAL specifically prohibits this false advertising. Section 17500 of the FAL prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes advertising statements that are known or should be known to be untrue.

91. DEFENDANTS' misrepresentations were intended to induce reliance, and PLAINTIFF and the Class saw, read, and reasonably relied on the statements when purchasing FUTURHEALTH's weight loss plans. DEFENDANTS' misrepresentations were a substantial factor in PLAINTIFF's and the Class' purchase decisions.

92. In addition, Class-wide reliance can be inferred because FUTURHEALTH's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to subscribe to FUTURHEALTH's weight loss program.

93. FUTURHEALTH's misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the Class, and such misrepresentations were designed to increase DEFENDANTS' profits.

94. PLAINTIFF and the Class were injured as a direct and proximate result of DEFENDANTS' conduct because they would not have agreed to participate in and pay for FUTURHEALTH's weight loss program if they had known the truth.

95.     Through their unfair acts and practices, DEFENDANTS have improperly obtained money from PLAINTIFF and the Class.  As such, PLAINTIFF requests that this Court cause DEFENDANTS to restore this money to PLAINTIFF and the Class, and to enjoin DEFENDANTS from continuing to violate the FAL in the future.

## SECOND CAUSE OF ACTION

### Violation of the Consumer Legal Remedies Act

### [Cal. Civil Code § 17950, *et seq.* ("CLRA")]

### (On Behalf of PLAINTIFF and the Class)

96.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

97.     PLAINTIFF brings this cause of action on behalf of himself and members of the Class against DEFENDANTS.

98.     PLAINTIFF and the Class are "consumers[s]" within the meaning of California Civil Code § 1761(d).

99.     FUTURHEALTH is a "business" within the meaning of California Civil Code section 1798.80(a).

100.    DEFENDANTS' sales of FUTURHEALTH's weight loss program via FUTURHEALTH's website to PLAINTIFF and the Class were "transactions" within the meaning of California Civil Code § 1761(e).   The prescriptions PLAINTIFF and the Class purchased in connection with FUTURHEALTH's weight loss plans are "goods" within the meaning of California Civil Code § 1761(a).

101.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by DEFENDANTS in transactions intended to result in, and which did result in, the sale of goods and services to consumers.

102.   As described herein, DEFENDANTS violated, and continue to violate, the CLRA by falsely representing that their goods and services have "characteristics" or "benefits" that they do not have.  Cal. Civ. Code § 1770(a)(5).

103.  DEFENDANTS further violated the CLRA by "advertising goods or services with intent not to sell them as advertised."  Cal. Civ. Code § 1770(a)(9).

104.  Additionally, DEFENDANTS violated, and continue to violate, Section 1170(a)(7) by "[r]epresenting that goods or services are of a particular standard, quality, or grade…if they are of another."  Cal. Civ. Code § 1770(a)(7).

105.   Specifically, DEFENDANTS violated, and continue to violate, Section 1770(a)(9) and (a)(7) of the California Civil Code by representing that their weight loss program and associated prescriptions will result in substantial weight loss, FUTURHEALTH is using science that works with consumers' bodies and its plans and prescriptions can help consumers lose weight "safely and effectively," the medications "are genuine and come from trusted, verified sources," and that it "partner[s] exclusively with licensed, U.S.-based pharmacies and work[s] with FDA-approved manufacturers to ensure the highest standards of quality and safety." In reality, FUTURHEALTH has prescribed medication to PLAINTIFF and the Class that is not FDA-approved, contains dangerous ingredients and dosages, is ineffective, and has even caused weight gain and other negative side effects. Further, DEFENDANTS lacked the proper scientific and medical basis for asserting that their weight loss program was safe, effective, or high quality.

106.  PLAINTIFF   and   the   Class   relied   on   DEFENDANTS'   false representations in deciding to sign up for FUTURHEALTH's weight loss programs.   DEFENDANTS'   misrepresentations   were   a   substantial   factor   in PLAINTIFF's and the Class' purchase decisions, as PLAINTIFF and the Class would   not   have   subscribed   to   FUTURHEALTH's   programs   if   not   for DEFENDANTS' unlawful conduct and false representations.   DEFENDANTS' misrepresentations were likely to deceive, and did deceive, PLAINTIFF and the

Class.   DEFENDANTS knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

107. In addition, the Class' reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to purchase FUTURHEALTH's weight loss program.

108. DEFENDANTS' misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the Class.

109. As a result of these acts and practices, PLAINTIFF and the Class have suffered damage in that they spent money on the FUTURHEALTH's weight loss programs that they would not have otherwise spent absent DEFENDANTS' unlawful and misleading acts and practices.

110. PLAINTIFF and the Class were injured as a direct and proximate result of DEFENDANTS' conduct because (a) they would not have subscribed to FUTURHEALTH's weight loss program if they had known that FUTURHEALTH's advertisements regarding safety and weight loss results were false.

111. Accordingly, pursuant to California Civil Code § 1780(a)(2), PLAINTIFF, on behalf of himself and all other members of the Class, seeks injunctive relief and restitution.

112. Pursuant to Section 1782(a) of the CLRA, on May 6, 2026, PLAINTIFF sent a CLRA demand letter to FUTURHEALTH and its California registered agent for service of process via certified mail (return receipt requested), that provided notice of DEFENDANTS' violations of the CLRA and demanded that DEFENDANTS correct the unlawful, unfair, false and/or deceptive practices alleged herein.  Because 30 days have not passed since PLAINTIFF's letter was sent, he seeks only injunctive relief, and does not yet seek damages, on his CLRA claim.  If DEFENDANTS do not fully correct the violations for PLAINTIFF and

for each member of the Class within 30 days of receipt of PLAINTIFF's letter, however, PLAINTIFF will seek all monetary relief allowed under the CLRA.

113.   PLAINTIFF'S CLRA venue declaration is attached hereto.

## THIRD CAUSE OF ACTION

### Violation of California's Unfair Competition Law

### [Cal. Bus. & Prof. Code § 17200, *et seq.*]

### (On behalf of PLAINTIFF and the Class)

114.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

115.   PLAINTIFF brings this claim on behalf of himself and the Class against DEFENDANTS.

116.   The California UCL, California Business & Professions Code section 17200, *et seq.*, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising, as defined by the UCL and relevant case law.

### *The Unlawful Prong*

117.   DEFENDANTS engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here, by engaging in their false advertising schemes.

118.   Additionally, DEFENDANTS further violated the UCL by  violating the FTC's regulations which require that advertisements that use consumer endorsements possess "competent and reliable scientific evidence[] to support express and implies claims made through endorsements..." and require that advertisers possess and rely upon adequate substantiation for this representation." 16 C.F.R. § 255.2(a)-(b).  DEFENDANTS also violated the FTC Act by not being able to substantiate their weight loss advertising claims.  *See Federal Trade Commission v. Roca Labs, Inc.* (2018) 345 F.Supp.3d 1375, 1387-1388.

119. Furthermore, DEFENDANTS engaged in unlawful conduct by making deceitful statements with the intent to induce reliance or action, which actually induced reliance, and cause harmed.  *See* Cal. Civ. Code §§ 1709-1710; see also *Yellow Creek Logging Corp. v. Dare* (1963) 216 Cal.App.2d 50, 55.

### The Deceptive Prong

120.  As alleged in detail above, DEFENDANTS' representations that their weight loss program was safe and effective, FDA-approved, and would result in substantial weight loss were false and intentionally misleading.

121.  DEFENDANTS' representations were misleading to PLAINTIFF and the Class.

122.  PLAINTIFF and the Class relied upon DEFENDANTS' misleading representations and omissions, as detailed above, in making purchasing decisions.

### The Unfair Prong

123.  As alleged in detail above, DEFENDANTS committed "unfair" acts by falsely advertising that their weight loss program was safe and effective, FDA-approved, and would result in substantial weight loss.

124.  DEFENDANTS violated established public policy by violating the CLRA, the FAL, and the FTC's regulations, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA, FAL, and FTC Act).

125.  The harm to PLAINTIFF and the Class greatly outweighs the public utility of DEFENDANTS' conduct.  There is no public utility to misrepresenting safety and effectiveness of a weight loss program, particularly in light of consumers' reliance on weight loss programs to combat the health issues associated with obesity.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumers as to goods and services only injures healthy competition and harms consumers.

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

126. PLAINTIFF and the Class could not have reasonably avoided this injury. As alleged above, DEFENDANTS' representations were deceptive to reasonable consumers like PLAINTIFF.

127. DEFENDANTS' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

128. For all prongs, DEFENDANTS' representations were intended to induce reliance, and PLAINTIFF and the Class saw, read, and reasonably relied on them when deciding to purchase and participate in FUTURHEALTH's weight loss programs. DEFENDANTS' representations were a substantial factor in PLAINTIFF's and the Class' purchase decisions.

129. In addition, class-wide reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to subscribe to FUTURHEALTH's weight loss program.

130. DEFENDANTS' representations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the Class.

131. PLAINTIFF and the Class were injured as a direct and proximate result of DEFENDANTS' conduct because they would not have purchased and participated in FUTURHEALTH's weight loss programs if they had known that FUTURHEALTH's representations regarding the safety and effectiveness of the plans were false and misleading. Through its unlawful acts and practices, DEFENDANTS have improperly obtained money from PLAINTIFF and the Class. As such, PLAINTIFF requests that this Court cause DEFENDANTS to restore this money to PLAINTIFF and the Class, and to enjoin DEFENDANTS from continuing to violate the UCL as alleged herein.

132. Accordingly, pursuant to California Civil Code § 1780(a)(2), PLAINTIFF, on behalf of himself and all other members of the Class, seeks injunctive relief and restitution.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (On behalf of PLAINTIFF and the Class)

133. PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

134. PLAINTIFF brings this claim on behalf of himself and the Class against DEFENDANTS.

135. PLAINTIFF and the Class entered into contracts with DEFENDANTS when they subscribed to and purchased DEFENDANTS' weight loss plans via FUTURHEALTH's website.

136. The contracts provided that PLAINTIFF and the Class would pay FUTURHEALTH for weight loss plans.

137. The contracts further required that DEFENDANTS provide PLAINTIFF and the Class with safe and effective weight loss plans, including safe and effective weight loss medication, as advertised. These were specific and material terms of the contract.

138. PLAINTIFF and the Class paid DEFENDANTS for the weight loss plans they purchased, and satisfied all other conditions of their contracts.

139. DEFENDANTS breached their contracts with PLAINTIFF and the Class by failing to provide safe and effective weight loss plans and medications, as detailed herein.

140. As a direct and proximate result of DEFENDANTS' aforementioned breaches, PLAINTIFF and the Class were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

## FIFTH CAUSE OF ACTION

### Intentional Misrepresentation

### (On behalf of PLAINTIFF and the Class)

141. PLAINTIFF incorporate herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

142. PLAINTIFF brings this claim on behalf of himself and the Class against DEFENDANTS.

143. As alleged in detail above, DEFENDANTS made false representations and material omissions of fact to PLAINTIFF and the Class concerning safety and effectiveness of FUTURHEALTH's weight loss programs and weight loss medications advertised on FUTURHEALTH's website, as alleged herein.

144. When DEFENDANTS made these misrepresentations, they knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

145. DEFENDANTS intended that PLAINTIFF and the Class rely on these misrepresentations and PLAINTIFF and the Class read and reasonably relied on the misrepresentations.

146. In addition, class-wide reliance can be inferred because DEFENDANTS' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to enroll in to FUTURHEALTH's weight loss programs that were falsely advertised as safe and highly effective.

147. DEFENDANTS' misrepresentations were a substantial factor and proximate cause in causing damages and losses to PLAINTIFF and the Class.

148. PLAINTIFF and the Class were injured as a direct and proximate result of DEFENDANTS' misrepresentations because they would not have purchased and participated in FUTURHEALTH's weight loss programs if they had

known that FUTURHEALTH's representations regarding its weight loss program were false.

149. PLAINTIFF and the Class have suffered injury as a result of DEFENDANT'S unlawful misrepresentations, and are therefore entitled to appropriate relief, including restitution and damages.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment/Quasi-Contract

### (On Behalf of PLAINTIFF and the Class)

150. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the preceding paragraphs.

151. PLAINTIFF brings this cause of action on behalf of himself and members of the Class.

152. As alleged in detail above, DEFENDANTS' false and misleading advertising caused PLAINTIFF and the Class to purchase and participate in FUTURHEALTH's weight loss program.

153. DEFENDANTS' misleading, inaccurate and deceptive marketing intentionally cultivates the perception that consumers are being offered a completely safe and highly effective weight loss program, which includes safe and effective weight loss medication and scientifically and FDA-backed weight loss programs that will result in substantial weight loss over a relatively short period of time. PLAINTIFF and the Class were intended to rely upon FUTURHEALTH's misrepresentations when they purchased and agreed to participate in FUTURHEALTH's weight loss programs. PLAINTIFF and the Class likely would not have made such purchases, if FUTURHEALTH had not misrepresented the safety and effectiveness of its weight loss plans.

154. DEFENDANTS have received additional enrollment in the FUTURHEALTH weight loss programs from PLAINTIFF and the Class as a result of this unlawful conduct. Indeed, given the growing need for weight loss

prevention and treatment, FUTURHEALTH's promises regarding the results of its weight loss plans proved highly persuasive to consumers.

155. DEFENDANTS should not be allowed to retain the sales generated from false and misleading marketing of FUTURHEALTH's weight loss programs. Allowing DEFENDANTS to retain these unjust profits would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase profits.

156. Thus, DEFENDANTS are in possession of funds that were wrongfully retained from PLAINTIFF and the Class that should be disgorged as illegally gotten gains.

157. As a direct and proximate result of DEFENDANTS' fraudulent conduct, PLAINTIFF and the Class have suffered injury while DEFENDANTS have received a benefit. PLAINTIFF and the Class are entitled to damages in an amount to be proven at trial in excess of the minimum jurisdictional requirement of this Court.

158. In the alternative only, for these reasons, DEFENDANTS fraudulently induced PLAINTIFF and the Class to make purchases, and, as a result, its contracts with PLAINTIFF and the Class are voidable. *See Plaksin v. Newsight Reality*, No. 19-cv-00458-RGK-SS, 2019 U.S. Dist. LEXIS 168063, at *8 (C.D. Cal. Apr. 30, 2019) ("A contract is voidable for fraudulent inducement 'when the promisor knows what he is signing but his consent is induced by fraud.'").

159. Accordingly, PLAINTIFF and the Class seek restitution.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of the CLASS MEMBERS, respectfully requests that the Court enter judgment in his favor and against DEFENDANTS as follows:

1. For an Order certifying this case as a class action on behalf of the class defined above, and appointing PLAINTIFF and his Counsel to represent the Class;

2.    For a declaration that DEFENDANTS' actions, as described herein, are unlawful and as described herein;

3.    For an award of injunctive and other equitable relief as is necessary to protect the interests of PLAINTIFF and the CLASS MEMBERS, including, *inter alia*, an order prohibiting DEFENDANTS from engaging in the unlawful acts described above;

4.    For an award to PLAINTIFF and the CLASS MEMBERS of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that DEFENDANTS obtained from PLAINTIFF and the CLASS MEMBERS as a result of its unlawful, unfair and fraudulent business practices described herein;

5.    For an award of all economic, monetary, actual, consequential, and compensatory damages caused by DEFENDANTS' conduct in an amount to be determined at trial, including but not limited to all penalties authorized by California Civil Code section 1798.80, *et seq*. and California Business & Professions Code section 17200, *et seq*.;

6.    For an award to PLAINTIFF and his counsel of their reasonable expenses and attorneys' fees, as allowable by law;

7.    For an award to PLAINTIFF and the CLASS MEMBERS of pre- and post-judgment interest, to the extent allowable; and;

///

///

///

8.    For such further relief that the Court may deem just and proper.


DATED: May 19, 2026                     Respectfully submitted,

                                        **MATERN LAW GROUP, PC**


                          By:    _____
                                 MATTHEW J. MATERN
                                 MIKAEL H. STAHLE
                                 Attorneys for Plaintiff ZACHARY BOYLE,
                                 individually and on behalf of all others
                                 similarly situated

MATERN LAW GROUP, PC
2101 E. EL SEGUNDO BLVD.,
SUITE 403
EL SEGUNDO, CA 90245

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a jury trial to all issues so triable.

DATED: May 19, 2026                    Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
MIKAEL H. STAHLE
Attorneys for Plaintiff ZACHARY BOYLE,
individually and on behalf of all others
similarly situated